IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| RAUL V. GARZA, #01242954 | § | |
| VS. | § | CIVIL ACTION NO. 6:24cv210 |
| TDCJ MICHAEL UNIT MAILROOM | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRTE JUDGE

Petitioner Raul V. Garza, proceeding *pro se*, filed this petition for a writ of mandamus directed at the TDCJ (Texas Department of Criminal Justice) Michael Unit's Mailroom. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition. For reasons explained below, the Court recommends that Petitioner's mandamus petition be denied.

**I. Garza's Mandamus Petition**

Garza seeks a Court order directing the Michael Unit's Mailroom manager to provide an affidavit "on the outgoing policy/requirement on all outgoing correspondence," which includes a direction that all prisoner "outgoing mail must have return address on all outgoing mail before leaving the Unit here at Michael Unit," (Dkt. #1, pg. 2). He also seeks to subpoena the manager to testify regarding the policy.

**II. Legal Standard and Analysis**

A writ of mandamus is an extraordinary writ that is reserved for extraordinary circumstances. *See In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) ("Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases."). In order to be entitled to a writ of mandamus, a petitioner must demonstrate (1) a clear right to relief, (2) a clear duty by the respondent to do the act that is requested, and (3) the lack of any other adequate remedy.

1

*See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997); *see also U.S. v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985). Mandamus is generally used to compel a court to perform a ministerial duty, often to rule on a motion that has been pending for a reasonable amount of time. *See In re ReadyOne Industries, Inc.*, 463 S.W.3d 623, 624 (Tex.App.–El Paso 2015, orig. proceeding).

However, importantly, a federal district court is not authorized to direct state officials in the performance of their duties. *See Moye v. Clerk*, *Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973); *Emerson v. Owens*, 472 F. App'x 308 (5th Cir. 2012). For example, federal district courts may not issue a writ of mandamus to compel state officials to give an inmate greater access to courts, such as the law library. *See Jackson v. Caddo Correctional Center*, 235 F.3d 1340 (5th Cir. 2000) (unpublished); *see also Cross v. Thaler*, 356 F. App'x 724, 725 (5th Cir. 2009) ("The district court therefore lacked the authority to compel either the Respondent or a state court to loan Cross the desired records.").

Here, Garza seeks, in part, a court order directing Respondent(s)—state officials—to testify and provide an affidavit regarding its own policy. He also seeks a court order directing Respondents to change or alter its policy. But because federal courts are not authorized to direct state officials with respect to performance of their duties—such as filing or ruling on a state court motion—Garza's petition for a writ of mandamus should be denied. *See, e.g.*, *Fletcher v. Court of Crim. Appeals of Tex.*, 732 F. App'x 229, 300 (5th Cir. 2019) (Mem) (unpublished) (affirming district court's dismissal of a mandamus petition "seeking to compel the Texas Court of Criminal Appeals to direct the clerk of the 323rd Judicial District to file Fletcher's habeas corpus proceeding in the juvenile court in that district," further finding Fletcher's appeal of such dismissal "frivolous."); *Conner v. Tex. Court of Crim. Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012) (unpublished) ("Thus, the district court lacked the authority to order the state court to act on

Conner's PDR."). This Court is without authority to order the Respondent to testify, provide an affidavit, or alter/change the mailroom policy.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of mandamus be denied, and the case dismissed with prejudice. To the extent that a certificate of appealability may be required, it should be denied.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 11th day of June, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3